**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-5186**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD SHANE SILCOX,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:10-cr-00264-NCT-1)

———————

Submitted: July 19, 2012        Decided: August 13, 2012

———————

Before AGEE, KEENAN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Shane Silcox appeals his 120-month sentence imposed after he pled guilty pursuant to a plea agreement to one count of possessing materials containing visual images of child pornography, in violation of 18 U.S.C.A. § 2252A (West 2000 & Supp. 2012). Silcox argues on appeal that his sentence should be vacated because he asserts it was: (1) based on a Guidelines range above the statutory maximum applicable to his offense; and (2) greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a) (2006). Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district

2

court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). However, we review unpreserved non-structural sentencing errors for plain error. Id. at 576-77.

If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is within the Guidelines range, we presume that the sentence is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010) ("[W]e may and do treat on appeal a district court's decision to impose a sentence within the Guidelines range as presumptively reasonable."); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence).

We have reviewed the record and have considered the parties' arguments and conclude that Silcox's 120-month sentence is procedurally and substantively reasonable. Contrary to Silcox's assertions, the record discloses that the district court properly set his Guidelines range at 120 months. Thus, we find no procedural unreasonableness in the district court's sentence. Nor do we detect substantive unreasonableness in Silcox's within-Guidelines sentence. The district court

3

cogently explained its rationale for imposing the statutory maximum sentence. In affirming, we respect the district court's broad discretion in weighing the § 3553(a) factors and imposing a defendant's sentence. See United States v. Jeffery, 631 F.3d 669, 679-80 (4th Cir.), cert. denied, 132 S. Ct. 187 (2011).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED